IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Royce J. Dewakuku,<br><br>  Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>  Respondents. | No. CV 07-0010-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Royce J. Dewakuku has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior Court in January 2003, Petitioner was convicted of one count of aggravated assault, a class three dangerous felony under Arizona law. Doc. #19, Exh. J at 114, Exh. K at 3. On March 18, 2003, Petitioner was sentenced to 10 years in prison. Doc. #19, Exh. K at 21.

Petitioner appealed, and on July 17, 2003, through counsel, filed an Opening Brief in the Arizona Court of Appeals. Doc. #19, Exh. B. Petitioner raised two claims: 1) that he was entitled to a jury trial on the issue of whether he was on release when he committed the offense; and 2) that the State improperly exercised its peremptory strikes. Id. On June 29, 2004, the Court of Appeals affirmed the conviction but vacated Petitioner's sentence and remanded the case for further proceedings. Doc. #19, Exh. A. The Arizona Supreme Court

subsequently remanded the case back to the Arizona Court of Appeals for reconsideration. Doc. #19, Exh. C. Upon reconsideration, the Court of Appeals issued a new decision in which it denied the appeal and affirmed Petitioner's conviction and sentence after concluding that it erred in the original decision. Id.

Petitioner filed a Notice of Post-Conviction Relief on February 15, 2006. Doc. #19, Exh. D. Even though it appears the trial court appointed counsel to represent Petitioner in state post-conviction proceedings, Petitioner filed a *pro se* Petition for Post-Conviction Relief (titled "Habeas Corpus Petition for Reasons Set Forth Herein by Petitioner") on October 3, 2006. Doc. #19, Exh. D, E. The State filed a Response to Petition for Post-Conviction Relief on November 21, 2006. Doc. #19, Exh. F. On December 22, 2007, the trial court denied the petition after finding that the four claims raised by Petitioner were all waived and precluded because they either should have been raised on direct appeal but were not, or were already decided on direct appeal. Doc. #19, Exh. G. The court also addressed the substance of Petitioner's claims and found that they were without merit. Id. Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme Court. Doc. #19, Exh. H.

On January 3, 2007, Petitioner filed his habeas petition in this court. Petitioner alleges three grounds for relief: 1) that his trial lawyer provided ineffective assistance of counsel by failing to adequately prepare and present a proper defense at trial; 2) that the jury verdict was against the weight of the evidence; and 3) that his trial lawyer was ineffective for failing to present mitigating circumstances at sentencing. Doc. #1. The court screened the petition and directed Respondents to file an answer. Doc. #5. Less than a month after filing his petition, Petitioner filed a "Habeas Corpus Traverse," which appears to contain supplemental arguments in support of his petition. Respondents filed an Answer to Petition for Writ of Habeas Corpus on October 12, 2007. Doc. #19. Petitioner has not filed a reply.

The Arizona Court of Appeals in its Memorandum Decision on direct review summarized the facts of this case as follows:

> The defendant and a companion approached two women, R.N. and E.O., who were sitting in a neighborhood park. The women were relaxing after playing basketball. The lights on the court were off, but there were lights

>on in other areas of the park. The defendant asked the women if either knew a man named Kerwin. R.N. said she did. However, when asked by the defendant about Kerwin's whereabouts, R.N. said she did not know. After several failed attempts to obtain Kerwin's location from R.N., the defendant pulled out a knife and held it to R.N.'s neck. After several seconds, the defendant let her go and he and his companion left. R.N. and E.O. left the park and contacted the police. The defendant was promptly arrested and charged by information with aggravated assault, a class 3 felony.

Doc. #19, Exh. A.

## DISCUSSION

Respondents contend in their answer that Petitioner has procedurally defaulted on his three grounds for relief by failing to exhaust his state court remedies. Respondents further argue that the grounds for relief are without merit. Having failed to file a reply, Petitioner has not addressed the procedural default issue.

**A.    Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus

- 3 -

1 exhausted) his federal claims in state court unless he specifically indicated to that court that
2 those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir.
3 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert
4 the state court to the fact that he is raising a federal constitutional claim, his federal claim is
5 unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon,
6 88 F.3d 828, 830 (9th Cir. 1996).

7 If a petition contains claims that were never fairly presented in state court, the federal
8 court must determine whether state remedies remain available to the petitioner. See Rose v.
9 Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)
10 (O'Connor, J., concurring). If remedies are still available in state court, the federal court may
11 dismiss the petition without prejudice pending the exhaustion of state remedies. Id.
12 However, if the court finds that the petitioner would have no state remedy were he to return
13 to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489
14 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a
15 defendant's claim is procedurally defaulted when it is clear that the state court would hold
16 the claim procedurally barred). The federal court will not consider these claims unless the
17 petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
18 his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52
19 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,
20 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

21 The three grounds for relief Petitioner raises here in his habeas petition were not
22 included in his direct appeal. As a result, Petitioner did not exhaust his claims by way of the
23 direct appeal. Therefore, the only way the claims could have been properly exhausted is if
24 they were presented to the state court on post-conviction relief. Petitioner appears to have
25 included in his *pro se* state petition for post-conviction relief the grounds raised here in his
26 habeas petition. In the state petition, Petitioner argued that his trial attorney provided
27 ineffective assistance of counsel with respect to his preparation and presentation of a defense
28 at trial. Doc. #19, Exh. E at 8-10. Petitioner also argued in his state petition that the verdict

was against the weight of the evidence. Doc. #19, Exh. E at 14-16. Finally, Petitioner argued that his lawyer's failure to present mitigating evidence at sentencing constituted ineffective assistance. Doc. #19, Exh. E at 9.

However, even though Petitioner raised the three grounds for relief in his state petition, he failed to seek review beyond the trial court level. After the trial court dismissed the state post-conviction petition on December 22, 2006, Petitioner did not file a petition for review to the Arizona Court of Appeals. Doc. #19, Exh. H (docket reflects nothing filed after minute entry dismissing the petition for post-conviction relief). Petitioner therefore failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

By failing to fairly present his grounds for relief in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, his claims are procedurally defaulted. Additionally, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. Having concluded that Petitioner's claims are procedurally defaulted, the court need not consider the merits. The court will therefore recommend that the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1 within which to file specific written objections with the Court.  See, 28 U.S.C. §
2 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within
3 which to file a response to the objections.  Failure to timely file objections to the
4 Magistrate Judge's Report and Recommendation may result in the acceptance of the
5 Report and Recommendation by the district court without further review.  See United
6 States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file
7 objections to any factual determinations of the Magistrate Judge will be considered a
8 waiver of a party's right to appellate review of the findings of fact in an order of
9 judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ.
10 P. 72.

11        DATED this 17th day of March, 2008.

_____
Edward C. Voss
United States Magistrate Judge